CAUSE NO 42902

FILED AT 11:05 O'CLOCK AM
MARCUS CARLOCK, CLERK DISTRICT COURT
DEC 09 2022
TITUS COUNTY TEXAS
DEPUTY

| | | |
|---|---|---|
| URIEL GARCIA JR | § | In the District |
| PLAINTIFF | § | 76th/276th JUDICIAL DISTRICT |
| | § | TITUS COUNTY |
| | § | |
| VS. | § | |
| CITY OF MOUNT PLEASANT TEXAS | § | JURY TRIAL DEMANDED |
| DEFENDANT | § | |
| | § | |

## COMPLAINT

Plaintiff, Uriel Garcia Jr., alleges:

1. This action is brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. & 42 U.S.C§ 2000e-3. ("Title VU").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the action under 42 U.S.C. § 2000e-S(t) and 28 U.S.C. § 1345. Venue is proper in this judicial district under 42 U.S.C. § 2000e-S(f)(3) and 28 U.S.C. § 1391 (b) because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

3. Defendant City of Mount Pleasant Texas is a local government municipal authority under the Texas laws.

4. The City of Mount Pleasant Texas is a "person" within the meaning of 42 U.S.C. § 2000e (a) and an "employer" within the meaning of 42 U.S.C. § 2000e (b).

5. The Equal Employment Opportunity Commission ("EEOC") received the timely charges (EEOC Charge No. 450-2021-03138) filed by Uriel Garcia on or about May 28, 2021. In the charge, I alleged, *inter alia*, that I had been discriminated against based on race and national origin (Hispanic/Mexico) by the City of Mount Pleasant Texas and Human Resources employees.

6. The Equal Employment Opportunity Commission ("EEOC") received the timely charges (EEOC Charge No. 450-2021-04729) filed by Uriel Garcia on or about July 13, 2021. In the charge, I alleged, inter alia, that I was retaliated against by the City of Mount Pleasant Texas and Human Resources employees because I engaged in activity protected under Title VII.

7. The EEOC attempted unsuccessfully to achieve through conciliation a voluntary resolution of the charge, and subsequently granted me the right-to-sue.

8. All conditions precedent to the filing of suit have been performed or have occurred.

The acts complained of this suit concern:
9. Failure to promote based on race and national origin - August 27, 2020.
10. Termination of employment in retaliation because I engaged in activity protected under Title VII - June 23, 2021.

Plaintiff:
11. Not presently employed by the defendant. The date of plaintiff termination was June 23, 2021 and received on June 24, 2021.

Defendant's conduct is discriminatory with respect to the following:
12. My race
13. My national origin

Individuals who allegedly discriminate against during the period of my employment with the City of Mount Pleasant Texas:
14. City Manager - Ed Thatcher, white male
15. City Secretary - Darleen Durant, white female

Discriminatory actions and events:
16. On Wednesday, November 11, 2017 I was hired by the City Mount Pleasant as a part-time Firefighter. The application that was submitted and approved made mention of my relationship to Carmen Saldivar (aunt) who works as a custodian at the City Hall. At the time of my acceptance to join the Fire Department, Michael K. Athens was the City Manager and Darleen Durant was the Human Resources Secretary.
17. On Saturday, July 25, 2020 I submitted an application for a full-time Firefighter position with the city of Mount Pleasant. Once again, I answer honestly to the question regarding my relationship to any employee of the city of Mt. pleasant. I noted again that Carmen Saldivar (City Hall custodian) was my aunt. My application was accepted by Darleen Durant (HR Secretary) and I was able to move forward in the hiring process.
18. On Tuesday, August 18, 2020 I took the agility test that is required to pass in order to be a candidate for the position of firefighter.
19. On Wednesday, August 24, 2020 I had my interview with fire chiefs.
20. In August ?, 2020 I was informed by Aristio Rodriguez that I had been the applicant with the best record during the agility evaluation and interview evaluation and the full-time firefighter position was mine. Paperwork to the City of Mount Pleasant Human Resources office was submitted for my promotion to full-time firefighter.
21. On Thursday, August 27, 2020 Deputy Chief Arisitio Rodriguez called me and informed me that the City of Mount Pleasant had rejected my promotion to full-time firefighter

based on the Nepotism Policy of the City of Mount Pleasant.

22. Important fact - I was not terminated based on the Nepotism Policy of the City of Mount Pleasant instead I only was informed I could not be a full-time firefighter based on the Nepotism policy. At this point, the next in line based on the results of the agility test was Jakob Jackson, who assumed the full-time firefighter position. In March ?, 2021 Captain Robby Bragg shared that Hunter Jackson the brother of Jakob Jackson was working as a Police officer for the city of mount pleasant.

23. Officer Hunter Jackson (Police Officer) was hired in February ?, 2021. He also answered "yes" to being related to a Mount Pleasant employee in his formal application. The same day I was informed of the relationship of firefighter JakoB Jackson to Officer Hunter Jackson, I had a conversation with Deputy Chief Aristion Rodriguez about the fact that two family members were hired as full time employees disregarding the Nepotism Policy of the city of Mount Pleasant. The same policy that kept me - Uriel Garcia Jr. from being promoted from part-time to full-time firefighter.

24. Deputy Chief Aristion Rodriguez said that they were going to inquire with the HR department about the reasons for hiring two brothers who at the same time were new employees for the city of Mount Pleasant and not accept my promotion from part-time to full-time firefighter for being the nephew of Carmen Saldivar.

25. In March ?, 2021, the three deputy chiefs Brad Eubanks, Danny Beard, and Aristio Rodriguez and the Fire Chief Larry McRae made attempts to obtain information from city management on why my promotion to full-time firefighter was not accepted but Officer Hunter Jackson's application was accepted knowing he was related to firefighter Jakob Jackson.

26. In March ?, 2021 I spoke to Deputy Chief Danny Bread to ask if they had heard anything in regards to the reasons for the Human Resources department hiring two brothers and not accepting my promotion to full time firefighter. He said that he and Chief Larry McRae had attended a city hall meeting and inquired about the issue at hand and City Manager Ed Thatcher said he did not know anything about the issue and he would get back to them with a response.

27. On Saturday, March 25, 2021 Deputy Chief Danny Beard informed me that they had exhausted all their attempts to get a clear response from the City Manager Ed Thatcher and did not receive a response. That same day, Deputy Chief Danny Beard stated "do whatever it is you need to do."

28. On Saturday, March 25, 2021 I submitted a complaint of discrimination with the Equal Employment Opportuniy Commision (EEOC). I signed the final charge to be submitted on May 28, 2021. Based on the decision for the City of Mount Pleasant to allow two blood related "white" individuals to work full time for the City of Mount Pleasant (disregarding the nepotism policy) and deny me of the full-time promotion because of their nepotism policy. I felt discriminated against when they hired the "white" officers (disregarding the nepotism policy), but passed me over for promotion based on the policy they did NOT enforce at the time they denied me of my rightfully earned promotion as a full-time firefighter.

29. On Friday, 28, 2021 I signed the final Charge of discrimination submitted with the Equal

Employment Opportuniy Commision (EEOC).

30. On June 6, 2021 HR Manager Darleen Durant received notice of charge of discrimination by the EEOC.
31. On June 23, 2021 my termination was made effective. I was not aware of termination until the following day June 24, 2021.
32. On June 24, 2021 I went to the Fire Department Central Station and spoke to Chief Larry McRae and Deputy Chief Aristio Rodriguez who informed me that the City did an audit on all employees and concluded that I could not work for the city of Mount Pleasant due to the Nepotism Policy in place at the City of Mt. Pleasant. I refused to sign the termination letter.
33. On June 24, 2021 Chief Larry McRae and Deputy Chief Aristio Rodriguez informed me that Officer Hunter Jackson had also been terminated.
34. On June 24, 2021 I submitted a retaliation complaint with the Equal Employment Opportunity Commission (EEOC). Based on the fact that I was terminated 13 days after the City of Mount Pleasant received notice of the discrimination charge submitted with EEOC.
35. On June 27, 2021 I had a text conversation with Officer Hunter Jackson to see if he had any updates on his termination due to Nepotism. He responded "no just going through the process unfortunately".
36. On June ?, 2021 Union Representative/ Officer Ashton Lewis contacted me to offer me a chance to be part of the town hall meeting they had arranged to discuss the termination of Officer Hunter Jackson. I agreed to attend, unfortunately the meeting was canceled because of COVID and rescheduled for a later date.
37. On June 28, 2021 Union Representative/ Officer Ashton Lewis contacted me to ask if I could send my the lawsuit to their attorney- Butch Dunbar. I explained I was not able to since it was an open case with the EEOC which prevented me from sharing the information.
38. On July 7, 2021, I was called into the office of City Manager Ed Thatcher. In the meeting was HR Manager and City Manager Ed Thatcher - I recorded our conversation. . He informed me that they were getting ready to change the City's nepotism policy and that it was going to be changed that afternoon.
39. City Manager Ed Thatcher admits on audio "we realized we had a problem last January we redrafted the policy and we had…right at the time we had the police officer and your deal, let's get down to 6 months and change the policy and that was our plan."
40. This statement proves they were aware of the problem with me and Officer Hunter Jackson back in January. I and the Fire Department found out about the two brothers (Hunter Jackson and Jakob Jackson) being hired by the City of Mount Pleasant in March, 2021. Between January and March - City Manager Ed Thatcher, HR Secretary and others involved were already aware of the issue and decided to wait 6 months to redraft the nepotism policy.
41. In the recording you can hear City Manager Ed Thatcher says "policy changed and done just so happens to be, it was gonna be done the 1st of June the thing that kept it going was the EEOC complaint we stopped and said we needed to look at this we've just been

looking at it."

42. This statement about the EEOC complaint stopping the process is false, HR Secretary Received notice of the discrimination charge on June 6, 2021 - 5 days after City Manager Ed Thatcher claims the policy was due to be changed.

43. During our meeting, City Manager Ed Thatcher also informed me of a Firefighter position that was going to be opened and "I could apply if I wanted to." My promotion was not offered to me, I had to go through the application process again.

44. Officer Hunter Jackson was not asked to re-apply; instead, he was reinstated back into the Police Department on July, 2021.

45. In fear of further retaliation by the City of Mount Pleasant, I did not apply for the position mentioned by City Manager Ed Thatcher at the time of our meeting. In our meeting City Manager Ed Thatcher said to me that because I was "talking to all these people" that is what got me fired. Because the issue with me being allowed to work as part-time even thought I was related to a city employee was raised over and over, he was advised him to terminate me. Not because of an audit that was conducted but because I talked to many people who continually demanded an explanation for me not being able to get a full time position with the Mount Pleasant Fire Department and other "white" individuals were given the opportunity to work even though they were related.

False claims from the City Manager and staff:

46. Discriminatory actions and events #16 & #17 - mention of an audit which resulted in my termination was made on June 24, 2021 Chief Larry McRae and Deputy Chief Aristio Rodriguez and was part of the termination notice. On August 13, 2021 Attorney at Law Lance Vincent stated in his response to the EEOC stating that "Shortly after Mr.Garcia's employment was terminated, an audit was conducted on other employee personnel files. It was discovered that an active City Firefighter's brother was working as a City Policy Officer. The employment of the Police Officer was terminated, as was Mr. Garcia's, in order to remain in compliance with City Policies."

47. These statements are contradictory and false. My termination letter says an audit was conducted therefore they terminated me. Attorney at Law Lance Vincent response to EEOC states an audit was conducted shortly AFTER I was terminated.

48. Officer Hunter Jackson was terminated the same day I was terminated - not shortly after, not after an audit "was conducted". The City of Mount Pleasant was already aware of the issue since January according to City Manager Ed Thatcher's voice recording where he says "we realized we had a problem last January we redrafted the policy and we had…right at the time we had the police officer and your deal, let's get down to 6 months and change the policy and that was our plan."

Individuals working for the City of Mount Pleasant who were not terminated when the alleged "audit was conducted shortly after" I was terminated:

49. Mary ? worked under her mother Miykael's (Finance Director), Mary is Miykael's daughter. In 2021, Mary was moved to the Library.

50. Miya interned under her grandmother Halen Thompson (Library Director). In 2021 Maya

was moved to the City Hall.
51. Based on the nepotism policy, these two individuals were NOT terminated; they were relocated.
52. The alleged illegal activity took place within the City of Mount Pleasant.
53. I have filed a charge with the Equal Employment Opportunity Commission regarding defendants.
54. I have attached a copy of my charge file with the Equal Employment Opportunity Commission, which is incorporated into this complaint.
55. The notice of right- to -sue letter (Charge No. 450-2021-03138) form the Equal Employment Opportunity Commission was added to the portal on 09/09/2022, I was notified the same day via email of the upload.
56. On 11/23/2022 the notice of right- to -sue letter (Charge No. 450-2021-04729) form the Equal Employment Opportunity Commission was added to the portal and I was notified the same day
57. I have attached a copy of the notice of right - to - sue letters form the Equal Employment Opportunity Commission.

## TITLE VII VIOLATIONS
### Title VII. 42 U.S.C. § 2000e2(a)
### Unlawful Employment Practices

58. I was denied a promotion by the City of Mt. Pleasant Texas base on race, which is a violation of the Title VII of the Civil Rights Act of 1964.

### Title VII. 42 U.S.C. § 2000e-3(a)
### Retaliation Against Me for Engaging in Protected Activity

59. I allege and incorporate by reference the allegations set forth in paragraphs 1-59, above.
60. I engaged in protected activity when I complained about discrimination based on race and national origin.
61. In retaliation for my complaints, the City of Mount Pleasant decided to terminate me.
62. There was a causal connection between my complaints and the materially adverse actions taken against me by the city of Mount Pleasant.
63. The retaliation I endured would dissuade a reasonable employee from making complaints of The City of Mount Pleasant retaliating against me for engaging in protected activity in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

## PRAYER FOR RELIEF

WHEREFORE, the Uriel Garcia Jr. prays that the Court grant the following relief:

(a) Loss wages including benefits within the statutory limitations Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

    (i) past
    (ii) present
    (iii) and future

b. Pain and suffering

c. Compensatory and Punitive damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 (a), (b) and

d. Award such additional relief as justice may require, together with the costs and disbursements in this action.

## JURY DEMAND

I hereby demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 (a).

12/8/2022
DATE

SIGNATURE OF PLAINTIFF

101 County Road 4754,
Mt. Pleasant, TX. 75455
(903) 204-8934
uriel.garcia.jr@gmail.com